# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE     )
                            )
        v.               )      I.D. No. 0704013046
                            )
DAVON JOHNSON       )
                            )
     Defendant.     )

Submitted: October 9, 2014
Decided:  November 20, 2014

Upon Defendant's Second Motion for Postconviction Relief.
**SUMMARILY DISMISSED.**

# <u>ORDER</u>

Sean P. Lugg, Esquire, and Danielle J. Brennan, Esquire, Deputies Attorney General, Department of Justice, 820 N. French St., Wilmington, Delaware, Attorneys for the State.

Davon Johnson, Smyrna, Delaware, *pro se*.

WHARTON, J.

This 20th day of November, 2014, upon consideration of Defendant's second Motion for Postconviction Relief and the record in this matter, it appears to the Court that:

1. Defendant Davon Johnson pled guilty on May 23, 2008 to one count each of Manslaughter, Attempted Robbery First Degree and Conspiracy Second Degree.

2. On December 19, 2008, Defendant was sentenced on the charge of Manslaughter to 25 years at Level 5, suspended after 20 years, followed by decreasing levels of probation; on the charge of Attempted Robbery First Degree to 15 years at Level 5, suspended after five years for probation; and on the charge of Conspiracy Second Degree to three years at level 5, suspended for probation.

3. Defendant filed a Motion for Reduction of Sentence, arguing that his sentence should be reduced because his two co-defendants, who participated in the same criminal conduct, received significantly shorter sentences.[1] The trial court denied that motion.[2]

4. On appeal, Defendant unsuccessfully argued that the trial court abused its discretion by basing its sentence, in part, on a presentence report containing unreliable information and that his sentence was too severe compared to his co-defendants' sentences.[3]

5. On April 25, 2011, Defendant filed his first motion for post-conviction relief, alleging ineffective assistance of counsel. Defendant contended that counsel induced him to plead guilty by misrepresenting to him that his sentence would be only 10 years. Defendant also contended that the sentencing judge sentenced him with a "closed mind."[4] That motion was denied.[5] The Supreme Court affirmed.[6]

---

[1] D.I. 25.
[2] D.I. 27.
[3] *Johnson* v. State, 2010 WL 2163922 (Del. May 10, 2010); 994 A.2d 744 (Del. 2010) (TABLE).
[4] D.I. 41.
[5] D.I. 53.
[6] *Johnson v. State*, 2011 WL 5331670 (Del. Nov. 4, 2011); 31 A.3d 76 (Del 2011) (TABLE).

6.	Defendant filed this motion, his second motion for postconviction relief, on October 9, 2014, asserting the following grounds for relief: 1) the trial judge was acquainted with the family of the deceased; 2) the trial judge never disclosed that he was acquainted with the family of the deceased; and 3) trial counsel was ineffective in failing to investigate that relationship after having been made aware it.[7]

7.	Defendant's Motion for Postconviction Relief is governed by the recently amended Superior Court Rule 61, which took effect on June 4, 2014.

8.	Rule 61(d)(2) provides for preliminary consideration of second or subsequent postconviction motions. A second or subsequent motion will be summarily dismissed, unless the movant was convicted after a trial and the motion either:

> (i)	Pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

> (ii)	Pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction…invalid.[8]

---

[7] D.I. 57. Defendant alleges that he became aware of the alleged relationship when inmate Robert Saunders advised a family member of Defendant who in turn advised Defendant. Robert Saunders is presumably the same Robert Saunders who was convicted of Murder in the First Degree and other related offenses in 1976 and whose appeal of the denial of his own postconviction relief motion (his ninth) was found to be "legally frivolous" and "an abuse of the judicial process." *Saunders v. State*, 2014 WL 5460433 (Del. Oct. 27, 2014). Defendant does not explain how Saunders, who has been incarcerated since at least 1976, became privy to the information he conveyed to Defendant's family member. If Saunders purports to have learned of this alleged association between the trial judge and the victim's family while incarcerated, at least one more layer of hearsay necessarily must be added between anyone with personal knowledge of the allegation and Defendant. If Saunders claims personal knowledge of any facts supporting the allegation, such knowledge would appear to have been at least 32 years old at the time Defendant was sentenced.

[8] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).

3

9. Under Superior Court Rule 61(i) a motion for postconviction relief is potentially subject to the procedural bars of time limitations, successive motions, procedural defaults and former adjudications.[9] Rule 61(i)(1) provides that a motion exceeds time limitations if it is filed more than a year after the conviction becomes final or if the motion asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[10] Rule 61(i)(2) prohibits second or subsequent motions made under this Rule unless the second or subsequent motion satisfies the pleading requirements of Rules 61(d)(2)(i) or (ii).[11] Rule 61(i)(3) bars consideration of any ground for relief "not asserted in proceedings leading to the judgment of conviction," unless the movant can show "cause for relief from the procedural default" and "prejudice from violation of the movant's rights."[12] Rule 61(i)(4) bars consideration of any ground for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus hearing."[13]

10. Before addressing the merits of Defendant's second Motion for Post-conviction Relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[14] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim unless Defendant can show that the exception found in Rule 61(i)(5) applies.[15]

11. Rule 61(i)(5) provides that consideration of otherwise procedurally barred claims is limited to claims that satisfy the new pleading standards set forth in Rules 61(d)(2)(i) and (ii).[16]

12. Upon preliminary consideration, the Court finds that this motion is subject to summary dismissal. Defendant's motion does not meet the requirements of Rule 61(d)(2). He was not convicted after a trial as

---

[9] Super. Ct. Crim. R. 61(i)(1)-(4).
[10] Super. Ct. Crim. R. 61(i)(1).
[11] Super. Ct. Crim. R. 61(i)(2).
[12] Super. Ct. Crim. R. 61(i)(3).
[13] Super. Ct. Crim. R. 61(i)(4)
[14] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[15] Super. Ct. Crim. R. 61(i)(5).
[16] *Id.*

4

required by the Rule – he pled guilty, nor has he alleged with particularity that: 1) new evidence exists that creates a strong inference that he is actually innocent; or 2) a new rule of constitutional law applies to his case that renders his conviction invalid.

13. Moreover, the Court further finds that, even if the motion was not subject to summary dismissal, the bars of Rules 61(i)(1)-(3) would preclude relief. The motion is time-barred since it was filed on October 9, 2014, more than four years after the judgment of conviction became final.[17] As a second or subsequent motion it fails to meet the pleading requirements of Rules 62(d)(2)(i) and (ii).[18] Finally, Defendant's claims are barred by procedural default, since he did not raise these claims previously, either in the proceedings leading to the judgment of conviction, or more importantly, in his first postconviction relief motion.[19] The failure to raise these claims in his first postconviction relief motion precludes Defendant from showing cause for relief from the procedural default, inasmuch as Defendant raised a claim of ineffective assistance of counsel in that motion as well. There appears to be no reason, nor has Defendant offer a reason, why Defendant did not raise the claims raised in this motion in his earlier postconviction relief motion.[20]

Therefore, Defendant's second Motion for Post-conviction Relief is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

_____
/s/Ferris W. Wharton, J.

cc:     Sean P. Lugg, Esquire, Deputy Attorney General
        Danielle J. Brennan, Esquire, Deputy Attorney General
        Davon Johnson, SBI # 390153

---

[17] Super. Ct. Crim. R. 61(i)(1).

[18] Super. Ct. Crim. R. 61(i)(2).

[19] Super. Ct. Crim. R. 61(i)(3).

[20] Defendant's claim that he requested trial counsel to investigate the alleged relationship between the trial judge and the victim's family establishes that he was aware of the existence of this claim prior to filing his first postconviction relief motion, since trial counsel no longer represented Defendant when he filed his first motion.

Investigative Services

oc:    Prothonotary